IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY SHIFLETT,                             *
        Plaintiff,
                                              *

v.                                                           CIVIL ACTION NO. CCB-15-3804
                                              *

MARYLAND DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL SERVICES *
        Defendant.
                                             ******

**<u>MEMORANDUM</u>**

On December 14, 2015, the court received plaintiff's complaint. Plaintiff, a state inmate confined at the North Branch Correctional Institution in Cumberland, Maryland, alleged that on November 8, 2011, money in his prison account was improperly transferred. ECF 1. He detailed his efforts to resolve the matter through the administrative remedy process and Inmate Grievance Office. His complaint also appeared to raise claims regarding the conditions of his confinement. Plaintiff was directed to file an amended complaint including the names of individuals whom he claimed were responsible for the wrongdoing, the dates of the alleged incidents and facts supporting his claims. ECF 3. The court is in receipt of Plaintiff's amended complaint. ECF 4.

Plaintiff also filed a motion for leave to proceed in forma pauperis, which has been supplemented. ECF 2 & 5. The motion shall be granted. Upon review of the instant action, the court concludes that it shall be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff's initial undated complaint was received for filing on December 14, 2015 and is postmarked December 11, 2015. ECF 1; ECF 1-2. By way of his amended complaint, plaintiff explains that his claim arises from the improper withdrawal of funds from his inmate account in October and November of 2011. ECF 4, p. 4. He recounts his efforts throughout the remainder

of 2011 and early 2012 to resolve the issue through the prison grievance process. *Id*. pp. 9-12. Ultimately, Shiflett's grievances were finally dismissed on August 8, 2012. *Id*., p. 12.

Shiflett claims that correctional staff failed to follow policy regarding sending money out of the institution resulting in the loss of his money. *Id*., p. 16. Additionally, he claims that he was denied the opportunity to file a criminal charge against the person who stole his money. *Id*. He also claims that his legal mail was delayed in July and August of 2012, thus depriving him of access to the courts. *Id*.

In further support of his complaint, Shiflett states that his requests for protective custody were denied until his father got involved in December of 2011. *Id*., p. 7.  He claims that on two different occasions in December of 2011 he was assaulted by guards. *Id*., p. 8.  He also states that in times in December of 2011, he was not fed or given a shower, and was placed in a punishment cell without proper hygiene items. *Id*.  He claims that he suffered severe emotional distress and mental anguish due to the guards "making a mistake."  *Id*., p. 17.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing  Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101.  Giving plaintiff's complaint a generous construction, he alleges that in 2011 his money was stolen, he was subjected to excessive force and inhumane conditions of confinement; and his access to the courts was impeded. The incidents plaintiff complains of regarding his conditions of confinement, initial loss of his money voucher, and access to courts, occurred in December of 2011.  He did not institute this case until December of 2015, thus, the complaint is clearly

outside the applicable statute of limitations and must be dismissed.

Accordingly, plaintiff's motions to appoint counsel, for a formal hearing, and to produce documents shall be denied. A separate Order follows.

April 15, 2016                               /S/
  Date                                   Catherine C. Blake
                                          United States District Judge